**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| MICHAEL O'TOOLE, | DOCKET NUMBER |
| Appellant, | CH-0752-17-0586-I-1 |
| v. | |
| DEPARTMENT OF DEFENSE, | DATE: May 9, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Johnathan P. Lloyd, Esquire, Washington, D.C., for the appellant.

Erin Y. Hart, Esquire, Indianapolis, Indiana, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his involuntary retirement appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify and supplement the administrative judge's analysis of the appellant's misinformation claim, we AFFIRM the initial decision.

On review, the appellant claims that he received misinformation from the Office of Personnel Management (OPM) upon which he relied to his detriment in making his decision to retire. Petition for Review (PFR) File, Tab 1 at 7. He specifies that OPM induced him to retire based on its 2009 interpretation that only his basic annuity was subject to division by a court order and then informed him, after he retired, that his basic annuity and annuity supplement were both subject to division, and adjusted the apportionment amount payable to his former spouse in accord with its 2017 interpretation. PFR File, Tab 4 at 4-6; Initial Appeal File (IAF), Tab 11 at 9, Tab 6 at 13.

The crux of the appellant's argument is that the administrative judge erred when she dismissed his appeal for lack of jurisdiction "based solely on her finding that it was OPM that gave [him] the incorrect information about the amount of his annuity payment, and not [his employing agency]." PFR File, Tab 1 at 8. In his view, the administrative judge ignored Board precedent that states that "whether the employing agency or OPM is the source of the misinformation or lack of information that induced an employee to retire, to his detriment, is immaterial to the question of whether the employee's retirement was voluntary." PFR File, Tab 1 at 9; *see Isabelle v. Office of Personnel*

*Management*, 69 M.S.P.R. 176, 182 (1996); *Bannister v. General Services Administration*, 42 M.S.P.R. 362, 366 (1989).

When, as here, there is a claim that an involuntary action resulted from misinformation, the appellant must show: (1) that the agency made misleading statements; and (2) that he reasonably relied on the misinformation to his detriment. *Salazar v. Department of the Army*, 115 M.S.P.R. 296, ¶ 9 (2010). The misinformation can be negligently or even innocently provided; if the employee relies on such misinformation to his detriment, based on an objective evaluation of the circumstances, his decision to retire is considered involuntary. *Morrison v. Department of the Navy*, 122 M.S.P.R. 205, ¶ 7 (2015).

After considering the appellant's challenges to the administrative judge's findings, we discern no reason to disturb the initial decision. While we recognize that the Board has held that whether the employing agency or OPM is the cause of the misinformation does not affect the involuntariness of a retirement, we find that the appellant has not shown that the employing agency or OPM misled him or that he reasonably relied on the misinformation to his detriment in making his decision to retire. *See Salazar*, 115 M.S.P.R. 296, ¶ 9. Because we agree with the administrative judge's finding, and the appellant does not dispute that his employing agency was not the cause of any misinformation,[2] we will only address his allegations toward OPM. IAF, Tab 13, Initial Decision (ID) at 5-6.

The appellant has not shown that his decision to retire was the product of misinformation by OPM. Contrary to the appellant's allegation, the

---

[2] We are not persuaded by the appellant's claim that *Salazar* mirrors the instant case on all material points because the employee in that case received misinformation regarding his projected annuity. *Salazar*, 115 M.S.P.R. 296, ¶ 12; PFR File, Tab 1 at 7-8. In *Salazar*, the Board held that the employing agency provided the employee with misinformation, albeit unintentionally, when it provided him with a monthly retirement annuity estimate based upon incorrect proof of payment in full of a military deposit because it was the responsibility of the agency to verify the accuracy of the appellant's military deposit. *Salazar*, 115 M.S.P.R. 296, ¶¶ 11-12. Here, it was the responsibility of OPM, not the employing agency, to make the final determination of the appellant's annuity benefits, and the agency informed the appellant of such. IAF, Tab 9 at 22; ID at 6.

administrative judge did not make this explicit finding. ID at 5-6. The administrative judge noted that the appellant provided no other explanation for his decision to retire other than his disagreement with OPM's altered calculation of his annuity benefits. ID at 5. To the extent that the appellant is arguing that OPM improperly mandated that his FERS annuity supplement was subject to apportionment, this issue is not to be adjudicated in an involuntary retirement appeal brought against his employing agency. PFR File, Tab 1 at 7. If the appellant disagreed with OPM's altered calculation of his annuity benefits, he should have appealed OPM's determination, received a final decision from OPM, and filed an appeal with the Board. ID at 6.

Here, the appellant takes issue with OPM's July 2016 internal policy determination to include the appellant's FERS annuity supplement in computing the court-ordered division of his FERS annuity—thus reversing its longstanding practice of not apportioning the supplemental benefit. PFR File, Tab 4 at 4-6. Pursuant to a February 2018 report (Management Advisory) from its Office of the Inspector General (OIG), OPM opines that 5 U.S.C. § 8421(c), which provides that an annuity supplement "shall, for purposes of section 8467 [court orders], be treated in the same way as an amount computed under section 8415 [Basic Annuity]," mandates its change in policy. OPM, OIG, Office of Legal and Legislative Affairs, *Management Advisory*, *Review of the U.S. Office of Personnel Management's Non-Public Decision to Prospectively and Retroactively Re-Apportion Annuity Supplements*, Report No. L-2018-1, at 8 (Feb. 5, 2018), https://oig.opm.gov/reports/other/review-us-office-personnel-managements-non-public-decision-prospectively-and (last visited May 9, 2024). For the reasons discussed below, OPM's statement regarding the method of dividing the appellant's retirement benefit, which did not reflect its subsequent change in policy, cannot be fairly characterized as misinformation that would vitiate the voluntariness of the appellant's appeal.

An agency is required to provide accurate information to permit an employee to make an informed, and thus voluntary, decision regarding resignation or retirement. *Aldridge v. Department of Agriculture*, 111 M.S.P.R. 670, ¶ 8 (2009). In making such a determination, we adopt the standard in *Patrick v. Department of Agriculture*, 72 M.S.P.R. 509, 521 (1996), *review dismissed*, 113 F.3d 1254 (Fed. Cir. 1997) (Table). The controlling issue is what the agency knew or believed *at the time* it informed the employee, not what the agency did after the employee initiated his or her voluntary action. *Patrick*, 72 M.S.P.R. at 521. Because the information that the appellant received from OPM was accurate at the time it was given, the appellant has not shown that the agency made a misleading statement. *Id*.; *see Salazar*, 115 M.S.P.R. 296, ¶ 9.

At issue in this appeal are two documents: OPM's 2009 letter stating that "Your former spouse's [marital] share applies to your self retirement annuity benefit," IAF, Tab 11 at 9, and OPM's 2017 letter stating that "[Your former spouse's] marital share . . . includes your self-only benefit . . . plus your FERS annuity supplement," IAF, Tab 6 at 13. OPM's explanation of the method of dividing the appellant's retirement benefit was consistent with existing information *at the time* that it issued the 2009 letter. IAF, Tab 11 at 9. For almost three decades, OPM had viewed the annuity supplement to be akin to a Social Security benefit and thus non-allocable between an employee and a former spouse. *See* Management Advisory at 8. It had been OPM's practice to apply the court-ordered marital share to only the basic (gross monthly) annuity when calculating benefits to be provided to a former spouse, except when the court order expressly addressed allocating of the annuity supplement. *Id.* It was not until 2016 that OPM began to apply the court-ordered marital share to both the basic annuity and the annuity supplement, even when the court order does not address allocating the annuity supplement, as dictated in OPM's internal guidance. *Id*. at i, 7. OPM accordingly notified the appellant of its new interpretation in its 2017 letter. IAF, Tab 6 at 13.

We find it significant that OPM had not effected its change in policy at the time that the appellant retired. *Chaney v. U.S. Postal Service*, 67 M.S.P.R. 1, 4 (1995), *aff'd*, 86 F.3d 1176 (Fed. Cir. 1996) (Table). The fact that, subsequent to his retirement, the agency decided to reinterpret 5 U.S.C. § 8421(c), which governs how an annuity supplement is to be apportioned, does not render its earlier statement misleading or untruthful. *See Patrick*, 72 M.S.P.R. at 521-22.

To the extent the appellant may be arguing that he relied on inaccurate information in OPM's Explanation of Benefits, his argument is without merit. The record shows, and he does not dispute, that he did not receive it until after he retired, which undercuts any claim of detrimental reliance that he may raise. IAF, Tab 11 at 7-8, 11. While we sympathize with his situation, we find that the appellant has not shown that the agency made a misleading statement or that he reasonably relied on such a statement to his detriment. *See Salazar*, 115 M.S.P.R. 296, ¶ 9.

To the extent the appellant is alleging that he lacked sufficient information to make an informed decision, his allegation is unavailing. While an agency must provide information that is not only correct in nature but adequate in scope to allow an employee to make an informed decision, *see Baldwin v. Department of Veterans Affairs*, 111 M.S.P.R. 586, ¶ 16 (2009), an agency's obligation to provide information cannot apply to information the agency does not have. There was no other available information that OPM could have furnished the appellant at the time it issued its 2009 letter. The appellant knew as much as the agency did at the time he retired in 2015. *See Cassel v. Department of Agriculture*, 72 M.S.P.R. 542, 548 (1996).

The circumstances alleged by the appellant are insufficient to raise a nonfrivolous allegation of jurisdiction over his claim on the basis of misinformation supplied by OPM.[3] Insofar as the administrative judge erred in

---

[3] Because we affirm the administrative judge's dismissal of the appeal for lack of jurisdiction, we make no finding as to the timeliness of the appeal.

failing to adequately address the appellant's allegations that OPM provided him misinformation, given that the appellant did not carry his burden as to the required elements of his claim, it does not affect the outcome of the appeal. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (explaining that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>.** This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: 　　　 _Gina K. Grippando_
　　　　　　　　　　　 _____
　　　　　　　　　　　 Gina K. Grippando
　　　　　　　　　　　 Clerk of the Board

Washington, D.C.